No. 22,106.

M. H. WOLVERTON, *Appellee,* v. THE EL DORADO-HARPER-EMPORIA OIL & GAS COMPANY, *Appellant,* et al.

### SYLLABUS BY THE COURT.

CONTRACT—*To Bore Oil Well—Demand for Pay for Extra Work—Interpretation of Contract—Instructions.* A contract to bore an oil well provided that the well, when completed, should not be less than six inches in diameter, if practicable. An instruction was given to the effect that the defendant would be liable for extraordinary work and expense in underreaming in order to make the diameter six inches, and also that if the defendant requested such work, it would be liable for the reasonable value thereof. The evidence supported the allegation that the underreaming for which the plaintiff claimed extra pay was done at the request of the defendant at an agreed price. *Held,* that the giving of the entire instruction did not constitute material error.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed May 10, 1919. Affirmed.

*B. R. Leydig, K. M. Geddes,* and *E. W. Grant,* all of El Dorado, for the appellant.

*C. L. Harris,* of El Dorado, for the appellee.

The opinion of the court was delivered by

WEST, J.: Plaintiff contracted to bore an oil well for the defendant, and having received $4,050 on account, sued to recover a claimed balance of $2,400 with interest, including $450 for extra work in underreaming. The jury awarded him $2,327.50, and the defendant appeals, assigning as error in-

structions Nos. 9 and 10 given by the court, and the denial of a new trial. An assignment touching the rejection of evidence is not argued in the brief, and need not be noticed.

The contract provided that the plaintiff should pay all expenses and furnish everything necessary to drill and complete the well, except the rig, fuel, water, and casing, and underreamers. The well, unless sooner abandoned by the direction of the defendant, was to be drilled until completion, including pay sand, to 2,800 feet, at $2 a foot.

"And if sand is not struck before the 2,800 feet first party shall continue drilling at the same rate of $2.00 per foot, until either pay sand or Mississippi Lime is found."

"All casing to be made tight by and at the expense of the parties of the first part. The diameter of said well, when completed, shall not be, less than six inches, if practicable."

The petition alleged that when the depth of 3,000 feet was reached the drilling was abandoned by mutual consent of the parties, and that before this, fifteen days' underreaming had been done by outside agreement, for which the defendant agreed to pay $30 a day. There was evidence to support these allegations.

Instruction No. 9 was to the effect that under the terms of the contract the plaintiff was to do all the work that was reasonable and practicable to be done in order to leave the well six inches in diameter at the depth of 2,800 feet, and if it was necessary to underream below any string of casing and rest the same, and practicable to do so in order to finish the well at 2,800 feet, it was the duty of the plaintiff to do such underreaming, for which the defendant would not be liable. Instruction No. 10 was, in substance, that if it was not practicable to finish the well at 2,800 feet with a six-inch diameter, without extraordinary work and expense in underreaming, then the plaintiff would not be compelled to do such unusual work, and if the defendant requested him to do such unrequired work it would be liable for the reasonable value thereof. It is complained that these instructions based the right to extra compensation on the reasonableness and practicability of the underreaming, while the contract required the plaintiff to do whatever underreaming was necessary, without regard to its reasonableness. Whether or not this was the correct

construction of the contract and of the term "practicable" as used therein, the instructions, taken all together, did not work any prejudice to the defendant, for there was an allegation supported by proof that it did request the underreaming, and did agree to pay $30 a day therefor.

The facts having been found in favor of the plaintiff, and no error in the instructions appearing, the judgment is affirmed.